UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------------------x
Adam Wildstein

                Plaintiff,                          Case No.: 2:20-cv-18419-KM-ESK

      -against-

JPMorgan Chase Bank, N.A.,

                Defendant(s).
---------------------------------------------------------------------------x

**JOINT PROPOSED DISCOVERY PLAN**

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

Attorney for Plaintiff:
YAAKOV SAKS
STEIN SAKS, PLLC
285 Passaic Street
Hackensack, NJ 07601
201-282-6500 Ext 116 Fax: 201-282-6501

Attorney for JPMorgan Chase Bank, N.A.:
CHRISTOPHER B. TURCOTTE
THE LAW OFFICE OF CHRISTOPHER B. TURCOTTE, P.C.
575 Madison Avenue Suite 1006
New York, NY 10022
212-937-8499


2. Set forth a brief description of the case, including the causes of action and defenses asserted.

**Plaintiff Adam Wildstein**:  Plaintiff asserts various violations of 47 U.S.C. § 227 *et seq.*, commonly known as the Telephone Consumer Protection Act ("TCPA"), against Defendant Chase. Specifically, sometime prior to May 2020, a consumer obligation was allegedly incurred with Chase. In an attempt to collection the alleged debt, Chase began calling Plaintiff's cellular telephone (ending in 0188), using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or using an artificial or prerecorded voice. On or around May 7, 2020 Plaintiff told

Defendant not to contact him on his cellphone and revoked any consent the Defendant may have previously had to call him on his cell. Despite Plaintiff's clear revocation, Defendant continued to its unwanted calls to Plaintiff's cellular phone on a consistent basis. These calls from Defendant Chase to Plaintiff was a collection communication in violation of numerous and multiple provisions of the TCPA, including but not limited to 47 U.S.C. § 227 (b)(1)(A) and 47 U.S.C. § 227(c)(5)(B).

**Defendant JPMorgan Chase Bank, N.A.:** Chase maintains that pursuant to the parties cardmember agreement Plaintiff expressly consented to Chase placing calls to his cell phone, that Plaintiff never withdrew such consent, and therefore Chase denies that it violated the TCPA. As set forth in the Answer, Chase asserts, *inter alia*, the following affirmative defenses: failure to set forth facts sufficient to state a claim; failure to mitigate any damages that may have resulted; estoppel; waiver; Plaintiff provided "prior express consent" for all calls allegedly placed to his cell phone; ratification; any claims are subject to setoff and recoupment; unclean hands; any TCPA violation was not willful or knowing; and laches.

Additionally, Plaintiff's account ending in 2828 charged off in October 2020 with a balance of $35,649.47, Chase is entitled to the account balance owed and brings a Counterclaim to recover same.

3. Have settlement discussions taken place? Yes _____ No __XXX_____

   (a) What was plaintiff's last demand?

      (1) Monetary demand: None

      (2) Non-monetary demand: None

   (b) What was defendant JPMorgan Chase's

   last offer?

      (1) Monetary offer: None

      (2) Non-monetary offer: None


   4. The parties [have ___XXX____ have not _____] met pursuant to Fed. R. Civ. P. 26(f):

5. The parties [have _____ have not __XXX__ ] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

   **Parties intend to exchange information within (14) days of the Initial Conference.**

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1)

   **None**

7. The parties [have _____ have not ___XXX___] conducted discovery other than the above disclosures. If so, describe.

8. Proposed joint discovery plan:

(a) Discovery is needed on the following subjects:

Plaintiff: Records of phone calls to Plaintiff's cellular phone. Defendant's policies on and compliance with the TCPA.

Chase:


(b) Discovery [should _____ should not ___XXX___] be conducted in phases or be limited to particular issues. Explain.

(c) Proposed schedule:

 (1) Fed. R. Civ. P. 26 Disclosures. – 02/23/21

 (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) – 04/30/21

 (3) Service of initial written discovery. – 04/16/21

 (4) Maximum of 25 Interrogatories by each party to each other party.

 (5) Maximum of 5 depositions to be taken by each party.

 (6) Motions to amend or to add parties to be filed by 04/02/21.

 (7) Factual discovery to be completed by. – 09/30/2021

 (8) Plaintiff's expert report due on – 09/24/2021

 (9) Defendant's expert report due on  - 10/22/2021

 (10) Expert depositions to be completed by - 11/30/2021

 (11) Dispositive motions to be served within 60 days of the date set for the completion of expert discovery.

(d) Set forth any special discovery mechanism or procedure requested. - **None**

(e) A pretrial conference may take place on.

(f) Trial date: __ (__XXX__Jury Trial; _____ Non-Jury Trial)

 9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)?

**The parties anticipate the need for virtual or telephonic depositions pursuant to the COVID 19 crisis.**

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? **NO.**

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S. – **YES**

12. Do you anticipate any discovery problem(s) not listed above? Describe. **NO**

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

**The Plaintiff anticipate voluntary mediation may be beneficial at the close of fact discovery.**

14. Is this case appropriate for bifurcation? **NO**

15. An interim status/settlement conference (with clients in attendance), should be held in ___September of 2021_____.

16. We [do _____ do not _____XXX_____] consent to the trial being conducted by a Magistrate Judge. DO NOT

17. Identify any other issues to address at the Rule 16 Scheduling Conference

N/A.

Dated:  February 4, 2021

*/s/ Yaakov Saks* _____
Yaakov Saks, Esq.
Stein Saks, PLLC
285 Passaic Street
Hackensack, NJ 07601
Ph: 201-282-6500
Fax: 201-282-6501
ysaks@SteinSaksLegal.com
*Attorneys for Plaintiff*

*/s/ Christopher B. Turcotte* _
Christopher B. Turcotte, Esq.
THE LAW OFFICE OF

CHRISTOPHER B. TURCOTTE, P.C.
575 Madison Avenue, Suite 1006
New York, NY  10022
Tel: (212( 937-8499
Fax: (646) 417-5851
Email: cturcotte@cbtlaw.com
*Attorney for Defendant*
*JPMorgan Chase Bank, N.A.*